```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

       Plaintiff,

v.                                        Civil Action No. 2:14-17685

**0.64 ACRE OF LAND, MORE OR LESS,**
**SITUATE IN LOGAN COUNTY,**
**STATE OF WEST VIRGINIA, and**
**W. P. HENRITZE,**

       Defendants


<u>MEMORANDUM OPINION AND ORDER</u>

Pending is the United States' motion for default judgment, filed November 13, 2014.


I.


On June 5, 2014, the United States instituted this action with its complaint in condemnation.  The take will facilitate implementation of the Island Creek Flood Damage Reduction Project on the Island Creek channel of the Guyandotte River.  The parcels being taken, as platted on Schedule D to the complaint in condemnation, consist of lots 218, 218-2, 218-3, and 218-4.  The legal description of the parcels is found in the declaration of taking, which was also filed June 5, 2014.

On June 9, 2014, the court entered an order permitting the United States to deposit a check in the amount of $8,250 as estimated just compensation for the taking of the estates and interests proceeded against. That sum is presently being held in the registry.

Attached to the complaint in condemnation at schedule E is a list of potentially interested parties. They are as follows:

>Unknown heirs, executors, administrators, devisees, legatees and assigns of W.P. Henritze, deceased.
>
>Billie Jean Henritze Nance, Widow
>
>Betty Jane Henritze Ayers, Widow
>
>John Clarke Wallace, Jr., Co-Trustee,
>Katherine Osborne Wallace, Co-Trustee,
>John S. Henritze Testamentary Trust
>
>John Clarke Wallace, Jr.
>
>Jayne Dalziel Wallace
>
>Susan Stuart Wallace (care of her attorney in fact)
>
>Katherine Osborne Wallace
>
>West Virginia Real Estate
>
>Logan County Assessor

The United States has certified that it published notice to the unknown heirs, executors, administrators, devisees, legatees and assigns of W.P. Henritze and the unknown

2

spouse of W.P. Henritze inasmuch as a diligent inquiry and search for those individuals did not produce their whereabouts. Specifically, on August 12, 2014, the United States filed an affidavit of publication from Norman O. Sinclair, Regional Director of the Logan Banner.  Mr. Sinclair averred that the following notice, addressed to the heirs of W.P. Henritze and the unknown spouse of W.P. Henritze, was published in the Logan Banner three successive times, namely, on July 23, July 30, and August 6, 2014:

> You are hereby notified that a complaint in condemnation and a declaration of taking have heretofore been filed in the Office of the Clerk of the above-named Court in an action to condemn fee simple title to Tract No. 218, 218-2, 218-3 and and 218-4 in Logan County, West Virginia.

(Dckt. Ent. 21-1 at 3).  The notice appears to comply with the requirements of Federal Rule of Civil Procedure 71.1(d)(2)(A).[1]

---

[1] Rule 71.1(d)(2)(A) recites the contents of the notice to be provided to named defendants in the case, stating, "Each notice must name the court, the title of the action, and the defendant to whom it is directed. It must describe the property sufficiently to identify it."  The notice must also contain the following: (1) a statement that the action is to condemn property, (2) the interest to be taken, (3) the authority for the taking, (4) the uses for which the property is to be taken, (5) that the defendant may serve an answer on the plaintiff's attorney within 21 days after being served with the notice, (6) that the failure to serve an answer constitutes consent to the taking and to the court's authority to proceed with the action and fix the compensation, and (7) that a defendant who does not serve an answer may file a notice of appearance.

Direct notice also appears to have been sent to the balance of the potentially interested parties set forth in the listing above. While each of those notices have not been filed by the United States, there is a form notice to the Logan County Assessor that is found on the docket at entry 4. The court assumes this same form of notice was sent to the potentially interested parties, and provides pertinently as follows:

> You are hereby notified that a Complaint In Condemnation and Declaration of Taking have heretofore been filed in the Office of the Clerk of the above-named Court in an action to condemn certain interests for public use in and to the properties described in Schedule "B" of the Declaration of Taking attached hereto and made a part hereof.
>
> The authority for the taking of the land and the public uses for which said land is taken are set forth in Schedule "A" of the Declaration of Taking attached hereto and made a part hereof.
>
> The interests being taken in the properties described in Schedule "B" attached hereto and are set forth in Schedule "C" attached hereto and made a part hereof. The estimated just compensation therefor is set forth in the Declaration of Taking attached hereto and made a part hereof.
>
> You are further notified that if you have any objection or defense to the taking of the property in which you may have or claim some interest, you are required to serve upon plaintiff's attorney at the address herein designated within twenty-one (21) days after service of this notice upon you, exclusive of the date of service, an answer identifying the property in which you claim to have an interest, stating the nature and extent of the interest claimed and stating all your objections and defenses to the taking of the property. A failure to so serve an answer shall constitute a consent to the taking and to the authority of the Court to proceed to hear the

>    action and to fix the just compensation, and shall
>    constitute a waiver of all defenses and objections not
>    so presented.
>
>        You are further notified that if you have no
>    objection or defense to the taking, you may serve upon
>    plaintiff's attorney a notice of appearance
>    designating the property in which you claim to be
>    interested, and thereafter you shall receive notice of
>    all proceedings affecting the said property.
>
>        You are further notified that at the trial of the
>    issue of just compensation, whether or not you have
>    answered or served a notice of appearance, you may
>    present evidence as to the amount of compensation to
>    be paid for the property in which you have an interest
>    and you may share in the distribution of the award of
>    compensation.

(Dckt. Ent. 4 at 2). If this notice was not provided to all potential claimants, the United States is directed to advise the court forthwith.

The United States has filed signed return receipt cards from each of the potentially interested parties to whom it sent direct notice, with the exception of Jayne Dalziel Wallace, for whom the receipt was returned unclaimed. The final return receipt card, for John Clarke Wallace, Jr., individually and in his co-trustee capacity, was filed January 20, 2015, reflecting delivery to him on January 10, 2015. The only party responding to the complaint in condemnation is the Auditor of the State of West Virginia, who was dismissed by agreed order on September 24, 2014.

5

II.

Rule 71.1 governs this proceeding. <u>See</u> Fed. R. Civ. P. 71.1(a) ("These rules govern proceedings to condemn real and personal property by eminent domain . . . ."). Inasmuch as the Rule 71.1(e)(2), 21-day period for filing an answer has now elapsed, the court must address whether the United States is entitled to the relief sought, namely, a default judgment. The question appears to be covered by Rule 71.1(e)(3):

> (3) Waiver of Other Objections and Defenses; Evidence on Compensation. A defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed. But at the trial on compensation, a defendant -- whether or not it has previously appeared or answered -- may present evidence on the amount of compensation to be paid and may share in the award.

Fed. R. Civ. Proc. 71.1(e)(3). Inasmuch as Rule 71.1(e)(3) provides for a defendant in default to nevertheless present evidence respecting the amount of just compensation, default judgment is not authorized. It is, accordingly, ORDERED as follows:

1. That the motion for default judgment be, and hereby is, denied;

2. That the trial of this matter, and any subsequently consolidated action, be, and hereby is, scheduled for

6

        9:30 a.m. on April 14, 2015, to ascertain just compensation;

3. That the United States be, and hereby is, directed to report to the court, on or before February 13, 2015, concerning the suitability of consolidating this action for trial with what appears to be a related case, namely, <u>United States v. 0.19 Acre of Land</u>, 2:14-17688;

4. That the United States be, and hereby is, directed to send a copy of this memorandum opinion and order, and notice of any intervening consolidation order, to the potential interested parties on February 25, 2015;

5. That the United States be, and hereby is, given leave to file a dispositive motion no later than February 25, 2015, serving a copy thereof on each of the potential interested parties; and

6. That, in the event the United States desires to withdraw its demand for a jury trial pursuant to Rule 38(d), it do so on or before April 1, 2015.

7

The Clerk is requested to transmit this memorandum opinion and order to all counsel of record and to any unrepresented parties.

DATED: February 5, 2015

John T. Copenhaver, Jr.
United States District Judge