UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

      Plaintiff,

v.                                          Civil Action No. 2:14-17685

0.64 ACRE OF LAND, MORE OR LESS,
SITUATE IN LOGAN COUNTY,
STATE OF WEST VIRGINIA, and
W. P. HENRITZE,

      Defendants


UNITED STATES OF AMERICA

      Plaintiff,

v.                                          Civil Action No. 2:14-17688

0.19 ACRE OF LAND, MORE OR LESS,
SITUATE IN LOGAN COUNTY,
STATE OF WEST VIRGINIA, and
W. P. HENRITZE,

      Defendants.


MEMORANDUM OPINION AND ORDER


      Pending is the United States' motion to consolidate,

filed February 9, 2015.


      The above-styled condemnation actions involve

substantially similar potential claimants.  For that reason, the

court on February 5, 2015, requested a report from the United

States respecting the suitability of consolidating the actions

for pretrial proceedings and trial.

Federal Rule of Civil Procedure 42(a) provides as

follows:

>    (a) Consolidation. If actions before the court involve
>    a common question of law or fact, the court may:
>
>        (1) join for hearing or trial any or all matters
>        at issue in the actions;
>
>        (2) consolidate the actions; or
>
>        (3) issue any other orders to avoid unnecessary
>        cost or delay.

Fed. R. Civ. Proc. 42(a).

Our court of appeals has given district courts a wide

berth on questions arising under Rule 42(a), recognizing the

superiority of the trial court in determining how best to

structure similar pieces of litigation.  See A/S J. Ludwig

Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 933

(4th Cir. 1977).  Nevertheless, the court of appeals has also

provided guidelines for district courts engaging in the

discretionary exercise.  See Arnold v. Eastern Air Lines, Inc.,

681 F.2d 186, 193 (4th Cir. 1982):

>    The critical question for the district court in the
>    final analysis was whether the specific risks of
>    prejudice and possible confusion were overborne by the
>    risk of inconsistent adjudications of common factual
>    and legal issues, the burden on parties, witnesses and

available judicial resources posed by multiple
lawsuits, the length of time required to conclude
multiple suits as against a single one, and the
relative expense to all concerned of the single trial,
multiple trial alternatives.

Id. at 193.

      While no prejudice appears to arise by consolidation,
the length of time required to resolve each of these actions
separately militates strongly in favor of consolidation.  The
court, accordingly, ORDERS the above-styled civil actions be,
and they hereby are, consolidated for all further pretrial
proceedings and trial.  The .64 Acre of Land case is designated
as the lead case.  All further filings shall be captioned and
docketed in that case.  It is further ORDERED as follows:

    1.    That the United States be, and hereby is, given leave
          to file a dispositive motion no later than March 23,
          2015, serving a copy thereof on each of the potential
          interested parties;

    2.    That the pretrial conference in this matter be, and
          hereby is, scheduled for April 3, 2015, at 3:00 p.m.;
          and

    3.    That the United States be, and hereby is, directed to
          send forthwith a copy of this memorandum opinion and
          order to the potential interested parties;

3

The Clerk is requested to transmit this memorandum opinion and order to all counsel of record and to any unrepresented parties.

DATED: March 11, 2015

John T. Copenhaver, Jr.
United States District Judge